**ORIGINAL**

SEYFARTH SHAW LLP
William C. Thomas III (State Bar No. 241789)
Joshua A. Rodine (State Bar No. 237774)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
JOHN VARVATOS ENTERPRISES, INC.

FILED
CLERK, U.S. DISTRICT COURT
JAN - 9 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THOMAS SAVAGE,

　　　　　Plaintiff,

　　v.

JOHN VARVATOS ENTERPRISES, INC.,

　　　　　Defendant.

Case No. CV07-5266-GW (MANx)

*Assigned to Honorable
George H. Wu*

**STIPULATION AND [PROPOSED]
PROTECTIVE ORDER RE:
PRODUCTION OF CONFIDENTIAL
INFORMATION**

NOTE CHANGES MADE BY THE COURT

　　　　Plaintiff Thomas Savage ("Plaintiff") and John Varvatos Enterprises, Inc. ("Defendant") (collectively "the Parties") hereby stipulate by and through their respective attorneys of record as follows:

　　　　1.　　The Parties acknowledge that discovery in this lawsuit may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary and/or otherwise confidential in nature.

---

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

2. The Parties hereby agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; interrogatory responses; responses to requests for admissions; or other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" (hereafter referred to as "Confidential Information"). Such "Confidential Information" is information which has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary or non-public business, technical, or financial information, employee personnel and earnings information, or information protected by third-party privacy rights. Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also to any summaries, copies, abstracts, compilations, or other documents derived from Confidential Information. The parties acknowledge that the only information to be designated as Confidential Information is that which is properly subject to protection. The parties will not designate as "Confidential" any discovery material without first making a good faith determination that such protection is warranted.

3. In the case of documents and other materials produced by a party, the "Confidential" designation shall be made at the time of production, or at the time of the signature of a party to this Stipulation, whichever is later. A producing party may designate as "Confidential", in whole or in part, any documents or other materials by so advising all other parties and by making any copies of the documents or materials marked, in a manner not affecting legibility, with the word "CONFIDENTIAL." Any party may obtain confidential treatment for documents or other materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of such designation to all other parties or non-parties in the possession of such documents or other materials within thirty (30) days of production. The party sending written notice of such designation shall then mark and reproduce the subject documents or other materials. All documents and other materials produced by a non-party and not designated as Confidential by a

2
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

party or non-party at the time of their production shall nonetheless be treated as Confidential Information for thirty (30) days following such production.

4.  With respect to testimony elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information which should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" within twenty-one (21) days after receiving a copy of the deposition transcript.

5.  Except as provided herein, Confidential Information will be held by the receiving party exclusively for use in connection with the above-captioned action and any appeals thereof. The Parties shall not disseminate any Confidential Information learned by them except as necessary for use in these proceedings. Furthermore, the Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

6.  Confidential Information shall not be used or disclosed directly or indirectly by the party receiving such Confidential Information to persons other than:

(a)  The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the court or agreed-to by the Parties;

(b)  Counsel of record for any party to this action, as well as regular employees of such counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

(c)  Experts and consultants retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation;

(d)  Any individual party; and

(e)  Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary to perform such assistance.

7. Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 6(c) or 6(e) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way and a copy shall be mailed to counsel for all other parties. The designator of the Confidential Information shall have fourteen (14) days after receipt of such notification to file a motion for a protective order seeking to prevent or limit such disclosure. If such a motion is filed in that fourteen (14) day period, the party intending to make the disclosure shall not disclose the Confidential Information until the motion is resolved by the Court.

8. Any party may object to the designation of particular documents or other materials as "Confidential" by giving written notice to the party making the designation and to all other parties within fourteen (14) days of such designation. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection. The Parties shall attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot be resolved within fourteen (14) days of the receipt of such notice, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting a ruling by the Court that the disputed documents or other information not be designated "Confidential." The disputed documents or other materials shall be treated as "Confidential" pending a ruling from the Court.

9. As between the parties, ~~In~~ the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose ~~its confidential status~~ the protections agreed to by the parties through such use; however, the disclosure of such Confidential Information in connection with proceedings before the Court may cause the Confidential Information to be publicly available

10. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

11. Because documents filed with the Court are thereby exposed to the public, any document stamped "CONFIDENTIAL" by a party must not be filed with the Court unless: (a) The filing party has obtained a court order declassifying the document such that it is no longer

subject to the terms of this Protective Order; (b) the parties have agreed, in writing, that the document has been declassified such that it is no longer subject to the terms of this Protective Order; or (c) the filing party has obtained a court order permitting the document to be filed under seal.

12. Any party may consent to have any material previously designated "Confidential" by it pursuant to this Order to be removed from the scope of this Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition. Nothing contained herein shall prevent any party from disclosing its own Confidential Information as it deems appropriate.

13. The inadvertent production or disclosure of any privileged or otherwise protected information, by any party, shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney client privilege and the protection afforded to work product materials.

14. If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing person all such discovery material and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such discovery material and information. The party that has inadvertently produced or disclosed privileged information shall, within three (3) business days after such discovery material and copies are returned to it from the non-producing parties, provide a privilege log identifying the discovery material and copies returned to the producing party such that the non-producing party can challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

15. This Stipulation and Order is subject to revocation and modification by order of the Court upon written stipulation of the Parties or upon motion and reasonable notice.

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

1  DATED: December 7, 2007        SEYFARTH SHAW LLP

     By _____
           William C. Thomas III
     Attorneys for Defendants
     JOHN VARVATOS ENTERPRISES, INC.

DATED: December 7, 2007        KESLUK & SILVERSTEIN

     By _____
           Brian S. Kesluk
     Attorneys for Plaintiff
     THOMAS SAVAGE

1  **ORDER**

2  ~~GOOD CAUSE APPEARING,~~ It is hereby ORDERED, ADJUDGED, AND DECREED

3  that all parties to this action shall obey the provisions of the attached Stipulation concerning

4  Confidential Information.

5      IT IS SO ORDERED.

6

7  Dated: January 9, 2008            *Margaret A. Nagle*

8

9                                          Margaret A. Nagle

10                                          U.S. Magistrate Judge

## EXHIBIT A
## CONSENT TO BE BOUND

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the Protective Order in this action entitled *Thomas Savage v. John Varvatos Enterprises, Inc.*, United States District Court, Central District of California, Case No. CV07-5266-GW. I have carefully read the provisions of the Protective Order, and I understand those provisions.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action any information designated as "CONFIDENTIAL" that I receive or view in this action.

4. I further irrevocably consent to the jurisdiction of the United States District Court for the Central District of California for the limited purposes of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2007.

_____
Signature